ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

CHRISTIAN LUGO,
a/k/a "Coco,"

Defendant.

**SEALED INDICTMENT**

24 CRIM 606

---

**COUNT ONE**
**(Racketeering Conspiracy)**

The Grand Jury charges:

1. From at least in or about 2019, up to and including in or about February 2022, CHRISTIAN LUGO, a/k/a "Coco," the defendant, and others known and unknown, corrupted the operations and activities of Certified Auto Body & Collision Inc. and other related corporate entities (collectively, "Certified Auto"), which was a company that provided towing and repair services to vehicles damaged in car accidents. The defendant and his co-conspirators used Certified Auto to commit wire, mail, and insurance fraud and to assert control over the towing and auto repair industry in the Bronx using violence and threats of violence.

**RELEVANT BACKGROUND**

2. When vehicles are damaged in an accident, vehicle owners often hire a towing and auto repair company to tow their damaged vehicles to the company's auto repair shop to repair their damaged vehicles. The vehicle owners then rely on the auto repair shop to evaluate the extent of the damage, estimate the cost of repairs, execute the necessary repairs, and submit insurance claims on their behalf to their insurers.

3.      Towing and auto repair companies like Certified Auto compete to tow damaged vehicles to their auto repair shops by approaching the vehicle owners directly and shortly after a car accident has occurred. Trying to be the first company to arrive on the scene of a car accident is sometimes called "chasing."

## THE ENTERPRISE

4.      From at least in or about 2019, through at least in or about February 2022, CHRISTIAN LUGO, a/k/a "Coco," the defendant, and others known and unknown, were members and associates of a criminal organization (the "Enterprise") whose members engaged in, among other things, wire, mail, and insurance fraud, threats of violence, and acts of violence, including murder.

5.      The Enterprise, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise. At all times relevant to this Indictment, the Enterprise was engaged in, and its activities affected, interstate and foreign commerce.

6.      CHRISTIAN LUGO, a/k/a "Coco," the defendant, participated in the operation of the Enterprise, and participated in unlawful and other activities in furtherance of the conduct of the Enterprise's affairs.

## PURPOSES OF THE ENTERPRISE

7.      The purposes of the Enterprise included the following:

    a.      Enriching the members and associates of the Enterprise through, among other things, wire, mail, and insurance fraud;

2

  b. Preserving and protecting the power and territory of the Enterprise, through acts involving violence and threats of violence.

  c. Promoting and enhancing the Enterprise and the activities of its members and associates;

  d. Exerting control and attempting to exert control over the participants in the towing and auto repair industry within the Bronx, New York; and

  e. Keeping competitors of the Enterprise in fear of the Enterprise and its members and associates through violence and threats of violence.

## MEANS AND METHODS OF THE ENTERPRISE

8. Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

  a. Submitting to insurance companies, via interstate wires and mail, fraudulent insurance claims containing materially false statements regarding, among other things, the extent of the damage and amount of labor and parts needed to repair insured vehicles;

  b. Using force, threats of force, and intimidation against competitors in the tow and auto repair industry in the Bronx, New York, such as murdering and threatening to kill or shoot competitors; and

  c. Obtaining, possessing, and using firearms and ammunition.

## THE RACKETEERING CONSPIRACY

9. From at least in or about 2019, through at least in or about February 2022, in the Southern District of New York and elsewhere, CHRISTIAN LUGO, a/k/a "Coco," the defendant, and others known and unknown, being persons employed by and associated with the Enterprise described in Paragraphs One through Eight of this Indictment, which was engaged in, and the

3

activities of which affected, interstate and foreign commerce, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and (5), consisting of multiple acts:

    a.    involving murder, chargeable under the following provisions of state law: New York Penal Law, Sections 125.25 (murder), 105.15 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting);

    b.    indictable under Title 18, United States Code, Section 1343 (relating to wire fraud); and

    c.    indictable under Title 18, United States Code, Section 1341 (relating to mail fraud).

10.    It was further part of the conspiracy that the CHRISTIAN LUGO, a/k/a "Coco," the defendant, agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

## NOTICE OF SPECIAL SENTENCING FACTORS

### Murder

11.    On or about February 7, 2022, in the Southern District of New York and elsewhere, CHRISTIAN LUGO, a/k/a "Coco," the defendant, knowingly and intentionally murdered, and aided and abetted the murder of, Gloria Ortiz, in the vicinity of 137th Street and Bruckner Boulevard in the Bronx, New York, in violation of New York Penal Law, Sections 125.25(1) and (2) and 20.00, in that (i) with intent to cause the death of another person, LUGO caused the death

of Gloria Ortiz, and aided and abetted the same; and (ii) under circumstances evincing a depraved indifference to human life, LUGO recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Gloria Ortiz, and aided and abetted the same.

(Title 18, United States Code, Section 1962(d).)

## COUNT TWO
### (Violent Crime in Aid of Racketeering: February 7, 2022 Murder and Assault with a Dangerous Weapon)

The Grand Jury further charges:

12. At all times relevant to this Indictment, the Enterprise, as described in Paragraphs One through Eight of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which was engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

13. At all times relevant to this Indictment, the Enterprise, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts indictable under Title 18, United States Code, Sections 1343 (relating to wire fraud) and 1341 (relating to mail fraud).

14. On or about February 7, 2022, in the Southern District of New York and elsewhere, CHRISTIAN LUGO, a/k/a "Coco," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing

of pecuniary value from the Enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the Enterprise, which was engaged in racketeering activity as described above, knowingly murdered, assaulted with a dangerous weapon, and aided and abetted the murder and assault of Gloria Ortiz in violation of New York Penal Law, Sections 120.05(2), 120.10, 125.25 (1) and (2), and 20.00, by ordering a co-conspirator not named herein ("CC-1") to shoot at members of a rival tow truck company with a firearm, which CC-1 did, resulting in the death of Gloria Ortiz, and aided and abetted and caused the same, in the vicinity of 137th Street and Bruckner Boulevard in the Bronx, New York.

(Title 18, United States Code, Sections 1959(a)(1), 1959(a)(3) and 2.)

## SPECIAL FINDINGS REGARDING THE MURDER OF GLORIA ORTIZ

15. Count Two of the Indictment is realleged and incorporated by reference as though fully set forth herein. As to Count Two of the Indictment, alleging the murder of Gloria Ortiz, CHRISTIAN LUGO, a/k/a "Coco," the defendant:

    a.    was 18 years of age or older at the time of the offenses;

    b.    intentionally killed the victim (Title 18, United States Code, Section 3591(a)(2)(A));

    c.    intentionally inflicted serious bodily injury that resulted in the death of the victim (Title 18, United States Code, Section 3591(a)(2)(B));

    d.    intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offenses, and Gloria Ortiz died as a direct result of the act (Title 18, United States Code, Section 3591 (a) (2) (C)); and,

e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offenses, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act.

(Title 18, United States Code, Section 3591(a)(2)(D)).

## COUNT THREE
### (Violent Crime in Aid of Racketeering: February 7, 2022 Conspiracy to Commit Murder)

The Grand Jury further charges:

16. At all times relevant to this Indictment, the Enterprise, as described in Paragraphs One through Eight of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which was engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

17. At all times relevant to this Indictment, the Enterprise, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), acts indictable under Title 18, United States Code, Sections 1343 (relating to wire fraud) and 1341 (relating to mail fraud).

18. On or about February 7, 2022, in the Southern District of New York and elsewhere, CHRISTIAN LUGO, a/k/a "Coco," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing

of pecuniary value from the Enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the Enterprise, which was engaged in racketeering activity, as described above, did knowingly combine, confederate, and agree with others known and unknown, to murder a victim ("Victim-1"), in violation of New York Penal Law, Sections 125.25 and 105.15.

(Title 18, United States Code, Section 1959(a)(5).)

## COUNT FOUR
### (Violent Crime in Aid of Racketeering: February 7, 2022 Assault with a Dangerous Weapon and Attempted Murder)

The Grand Jury further charges:

19. At all times relevant to this Indictment, the Enterprise, as described in Paragraphs One through Eight of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which was engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

20. At all times relevant to this Indictment, the Enterprise, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts indictable under Title 18, United States Code, Sections 1343 (relating to wire fraud) and 1341 (relating to mail fraud).

21. On or about February 7, 2022, in the Southern District of New York and elsewhere, CHRISTIAN LUGO, a/k/a "Coco," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing

8

of pecuniary value from the Enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the Enterprise, which is engaged in racketeering activity, as described above, knowingly assaulted three individuals (namely Victim-1, "Victim-2," and "Victim-3"), with a dangerous weapon and attempted to murder the same individuals, and aided and abetted the same, to wit, LUGO ordered CC-1 to shoot and thereby kill Victim-1, which resulted in Victim-2 being shot in the back and Victim-3 being shot in the shoulder, in the vicinity of 137th Street and Bruckner Boulevard, in violation of New York Penal Law, Sections 120.05(2), 125.25, 120.14, 110.00, and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 1959(a)(5), and 2.)

## COUNT FIVE
### (Firearm Offense)

The Grand Jury further charges:

22.   The allegations contained in Paragraphs One through Eight of this Indictment are repeated and realleged as if fully set forth herein.

23.   On or about February 7, 2022, in the Southern District of New York and elsewhere, CHRISTIAN LUGO, a/k/a "Coco," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely the murder in aid of racketeering and assault with a dangerous weapon in aid of racketeering charged in Count Two of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, which was brandished and discharged, and aided and abetted and caused the same.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii), and 2.)

## COUNT SIX
### (Firearm Offense)

The Grand Jury further charges:

24. The allegations contained in Paragraphs One through Eight of this Indictment are repeated and realleged as if fully set forth herein.

25. On or about February 7, 2022, in the Southern District of New York and elsewhere, CHRISTIAN LUGO, a/k/a "Coco," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a Court of the United States, namely, assault with a dangerous weapon in aid of racketeering and attempted murder in aid of racketeering charged in Count Four of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, which was brandished and discharged, and aided and abetted and caused the same.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii), and 2.)

## FORFEITURE ALLEGATIONS

26. As a result of committing the offense alleged in Count One of this Indictment, CHRISTIAN LUGO, a/k/a "Coco," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963:

    a. any interest acquired and maintained in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

    b. any interest in, security of, claims against, and property and contractual rights of any kind affording a source of influence over, the enterprise which the defendant has established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are

subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and

   c. any property constituting and derived from any proceeds which the defendant obtained, directly and indirectly, from racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

  27. As a result of committing the offenses alleged in Counts Five and Six of this Indictment, CHRISTIAN LUGO, a/k/a "Coco," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28 United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in or intended to be used in said offenses.

### Substitute Assets Provision

  28. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 1963;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
DAMIAN WILLIAMS
United States Attorney